UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

|  |  |
|---|---|
| **Ernest M. Abbott** | Case No. _____ |
| **Plaintiff,** |  |
| v. | **COMPLAINT**<br>**(JURY TRIAL DEMANDED)** |
| **Christopher Steward,** individually and in his official capacity as a Minneapolis police officer; |  |
| **Defendant,** |  |

_____

## INTRODUCTION

1. This is a civil rights action for money damages pursuant to Title 42 U.S.C. Section 1983. On the evening of November 12, 2009, the Defendant, Officer Christopher Steward, willfully, intentionally, and negligently deprived the Plaintiff, Mr. Ernest M. Abbott, of rights secured by the Fourth Amendment of the United States Constitution and laws and statutes thereunder.

2. The ability to safely, calmly, and professionally interact with the public without violence is an intrinsic and basic part of law enforcement. During the events of November 12, 2009, Defendant Steward not only showed a complete lack of these essential skills, but also showed a shocking and outrageous disregard for the rights and dignity of Mr. Abbott and disrespect for the laws of the United States. On that evening, without any legal justification, Defendant Steward brutally beat an innocent 16 year-old boy who weighed only 130 pounds.

1

## JURISDICTION AND VENUE

3.　Mr. Abbott bases his claim on Title 42 U.S.C. § 1983. This Court therefore, has federal question subject matter jurisdiction pursuant to Title 28 U.S.C. §§ 1331 and 1343.

4.　Venue in this Court is appropriate pursuant to Title 28 U.S.C § 1391, as parties are citizens of the State and District of Minnesota. Further, the unlawful practices alleged herein occurred within this state and district.

## PARTIES

5.　Mr. Abbott is a resident and domiciliary of Minneapolis, Hennepin County, Minnesota, United States.

6.　Defendant Christopher Steward was and still is a Police Officer for the City of Minneapolis Police Department and, upon information and belief, is a resident of Minnesota, United States.

7.　Defendant Steward is a "person" acting at all times relevant to this Complaint under the color of state law and in the scope of his official duties, as within the meaning of Title 42 U.S.C. § 1983.

## BACKGROUND FACTS

8.　Plaintiff, Mr. Ernest M. Abbott, is presently a 19 year-old black male with no criminal record.

9.　On November 12, 2009, Mr. Abbott was a 16 year-old boy who stood 5 feet, 9 inches and weighed 131 pounds.

10. On that evening, Mr. Abbott was walking home with another juvenile male friend at approximately 10:30 PM.

11. Neither Mr. Abbott nor his friend had committed any criminal act, violated any regulation, or done anything wrong at all when Defendant Steward and several other Minneapolis police officers suddenly began converging on the two boys.

12. The officers, allegedly responding to a call regarding "suspicious persons", shined a spotlight on the boys.

13. The boys, unsure of why the spotlight was aimed at them, surmised that they might have been out past curfew; they immediately began moving away from the spotlight and squad car.

14. Multiple squad cars began to box the boys in.

15. Unsure of what to do and not wanting to get in trouble for violating curfew, the young boys saw an open garage door and entered the garage to hide.

16. Although the side door the boys had entered was, at some point, kicked-in and damaged, the door was ajar at the time of the boys' entry and they had nothing to do with its damage.

17. Defendant Steward and other officers approached the garage and determined that Mr. Abbott and his friend were inside. Defendant Steward entered the garage, aiming his gun and flashlight at the boys, who were crouching behind two chairs.

18. Defendant Steward yelled at the boys three times while shining his flashlight on them: "I can see you – put your hands up!" Mr. Abbott complied, extending upward

on his knees while putting his hands straight up in the air. Mr. Abbott did not resist, attempt to flee the garage, or attempt to evade the officers.

19. Upon information and belief, Defendant Steward then approached Mr. Abbott's friend and struck the boy in the face with either his knee or foot.

20. Defendant Steward then approached Mr. Abbott and kicked him in the face. Mr. Abbott fell to his hands and knees; Defendant Steward immediately kicked or pushed Mr. Abbott to his side. Once Mr. Abbott was on the ground, Defendant Steward proceeded to *continually* and repeatedly kick Mr. Abbott in the head and face.

21. One of the officers then opened the main garage door, shining light into the garage. Mr. Abbott, suddenly able to see Defendant Steward's boot, placed his hand on top of the boot, in a vain attempt to get Defendant Steward to stop kicking him in the face. Defendant Steward responded by kicking Mr. Abbott in the face with his other boot. Mr. Abbott then used both arms to cover his face.

22. Defendant Steward then raised his leg and stomped on the back of Mr. Abbott's head, driving his already battered skull face-first into the pavement and inflicting further damage to his teeth, head, and brain.

23. One of the officers later remarked, "Good Kick, Rookie", in an apparent reference to Defendant Steward's gratuitous beating of Mr. Abbott and his friend. Another officer laughed when he discovered that Defendant Steward knocked one of Mr. Abbott's teeth out through his beating.

24. Once it became apparent that the boys were so severely beaten that they were in need of immediate medical attention, a Code 3 emergency was sent out via

dispatch and paramedics arrived on scene. The officers did not allow the paramedics to treat the boys, however, instead opting to take them in squad cars to North Memorial Hospital for treatment.

25. The police attempted to drop Mr. Abbott off at the Hennepin County Juvenile Detention Center. The Center would not accept Mr. Abbott due to the severity of his injuries.

26. No charges were ever filed against Mr. Abbott.

27. As a result of Defendant Steward's illegal actions, Mr. Abbott has suffered numerous, serious, and permanent injuries and damages. Mr. Abbot's injuries include but are not limited to: tooth loss, brain trauma, skull damage, possible brain injury, cognitive impairment, concussion, head-aches, post traumatic stress disorder, post concussion syndrome, lock jaw, loss of appetite, mental and emotional pain and anguish, discomfort, embarrassment, humiliation, fear, anxiety, apprehension, sleeplessness, a generally diminished sense of personal and family safety, outrage, psychiatric fees, surgical fees, medical fees, attorney fees, the costs of bringing suit, and more.

28. Upon information and belief, for reasons unknown to Plaintiff, no disciplinary actions or criminal charges have been levied against Defendant Steward for his abhorrent actions relating to these events.

## COUNT 1:

## EXCESSIVE FORCE

## UNLAWFUL ARREST

## UNREASONABLE SEARCH & SEIZURE

## THE UNITED STATES CONSTITUTION VIA TITLE 42 U.S.C. § 1983

29. Mr. Carter incorporates the allegations set forth in each of the preceding paragraphs as if fully set forth herein.

30. Title 42 U.S.C. § 1983 prohibits, *inter alia*, state actors from depriving persons of any rights, privileges, or immunities secured by the United States Constitution, including the right to be free from unlawful arrest, excessive force, and unreasonable search and seizures as guaranteed by the Fourth Amendment and incorporated through the Fourteenth Amendment.  These rights were clearly established at the time of Mr. Abbott's beating by Defendant Steward on November 12, 2009.

31. In violation of 42 U.S.C. § 1983, Defendant Steward deprived Mr. Abbott of his right to be free from unlawful arrest, excessive force, and unreasonable search and seizure when he was beaten without any justification (legal or otherwise) or any probable cause.

32. Defendant Steward's actions were not objectively reasonable under the Fourth Amendment or for any purposes of qualified immunity under the totality of circumstances.

33. As a direct and proximate result of the Defendant Steward's actions, Mr. Abbott has suffered severe injury/damages.

34. Defendant Steward, as a result of his outrageous and illegal behavior, is liable to Mr. Abbott for the above-mentioned injuries, as well as punitive damages.

35. Total damages suffered by Mr. Abbott are well in excess of $100,000.00, to be further determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff requests that this Court:

Enter a judgment in favor of Plaintiff and against Defendant as follows:

1. An order granting Plaintiff judgment against Defendant;

2. An order granting Plaintiff compensatory damages in such amount as the jury may determine but not less than $100,000.00;

3. An order granting Plaintiff punitive damages in such amount as the jury may determine not less than $100,000.00;

4. An order granting Plaintiff injunctive and declaratory relief against Defendant, whereby the Defendant is temporarily and permanently enjoined and restrained from any further harassment, discrimination and retaliation of the Plaintiff.

5. An order for Defendant to pay Plaintiff's costs, interest and attorney fees, as allowed under Title 42 U.S.C. § 1988.

6. An order for Defendant to pay any and all further relief available, such as any relief this Court may consider equitable or appropriate.

*Plaintiff demands a jury trial.*

                                            **ATTORNEY FOR THE PLAINTIFF:**

Date:  October 16, 2012                s/J. Ashwin Madia_____
                                            J. Ashwin Madia, No. 0321187
                                            **MADIA LAW LLC**
                                            345 Union Plaza
                                            333 Washington Ave. N.
                                            Minneapolis, MN 55401
                                            Telephone:  612.349.2723
                                            Fax:  612.235.3357
                                            Email:  jamadia@madialaw.com